UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLE MONIQUE RICE,<br><br>     **Plaintiff,**<br><br>-against-<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>     **Defendant.** | 1:21-cv-591 (ALC)<br><br><u>OPINION & ORDER</u> |

**ANDREW L. CARTER, JR., United States District Judge:**

  Nicole Rice ("Plaintiff" or "Rice") proceeding *pro se*, brings this action to challenge the final decision of the Acting Commissioner of Social Security ("Defendant" or "Commissioner") which denied Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"). However, Plaintiff had previously brought another action for judicial review of the same final decision, which was reversed and remanded by this Court for further administrative proceedings, pursuant to a stipulation and order (21-cv-00373-JGK-JLC, ECF No. 17). Pending before the Court is Defendant's motion to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 6. For the reasons stated below, Defendant's motion is **GRANTED**.

## BACKGROUND

  On January 9, 2021, Plaintiff commenced an action in this Court seeking judicial review of a February 27, 2020 decision ("2020 Decision") by an Administrative Law Judge ("ALJ"), which denied Plaintiff's application for DIB. *See* Complaint, Nicole M. Rice v. Acting Commissioner of Social Security, No. 1:21-cv-00373-JGK-JLC ("*Rice I*"), ECF No. 9 at 2, ¶¶ 6-7.2 On January 22, 2021, Plaintiff commenced the instant action, also seeking judicial review of the 2020 Decision. *See* Complaint, *Nicole Monique Rice v. Acting Commissioner of Social Security*, No. 1:21-cv-00591-ALC ("*Rice II*"), ECF No. 1 at 2, ¶¶ 6-7. Attached to both

Complaints is a copy of the same December 1, 2020 Appeals Council order, which denied Plaintiff's request for review of the 2020 Decision, thereby rendering the 2020 Decision the Commissioner's final decision. *See* Compl. in *Rice II* at 2; *see also* Compl. in *Rice I* at 4. On November 2, 2021, the Court in *Rice I* entered a stipulation and order reversing and remanding the 2020 Decision. *See* Stipulation and Order, No. 21-cv-00373-JGK-JLC, ECF No. 16. That same day, the Court in *Rice I* entered judgment. *See* Judgment, No. 21-cv-00373-JGK-JLC, ECF No. 17.

The Commissioner moved to dismiss this case pursuant to Federal Rule of Procedure 12(b)(6) on March 27, 2023. ECF No. 6. Plaintiff filed a response electronically to the Commissioner on April 3, 2023. ECF No. 14. The Commissioner did not file a reply brief and indicated its intent not to do so during a status conference held before the Court on February 8, 2024. The Court considers this motion to be fully briefed.

## STANDARD OF REVIEW

I.  **Statutory Basis for Judicial Review**

Under 42 U.S.C. § 405(g), a district court may review determinations from the Commissioner regarding disability insurance benefits. A district court may set aside these decisions if there is no 'substantial evidence' supporting it or upon the application of an incorrect legal standard. *Alavera v. Astue*, 697 F.3d 145, 151 (2d Cir. 201The substantial evidence standard necessitates "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, (1971). Put simply, this standard requires that the Commissioner's fact finding be rejected only if "a reasonable fact finder would *have* to conclude otherwise. *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012). Even if upon *de novo* review it would be justifiable to arrive at a

different conclusion, under the substantial evidence standard this Court may not "substitute its own judgment[s]." *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991) (internal citations omitted).. This Court must grant considerable deference to the Commissioner's determination.

## II.     Doctrine of Res judicata

The doctrine of *res judicata*, or claim preclusion, holds that a final judgment on the merits of an action "precludes parties or their privies from relitigating issues that were or could have been raised in that action." *Monahan v N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000). *See Walkman v. Village of Kiryas, Joel*, 207 F. 3d 105 (2d Cir. 2000). To properly raise this doctrine as an affirmative defense a party must show the "earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *Overview Books, LLC v. United States*, 438 App'x 31, 33 (2d Cir. 2011).

## III.    Dismissal For Failure to State a Claim

"Fed. R. Civ. P. 12(b)(6) is an appropriate procedural vehicle for challenging a complaint when using the doctrine of res judicata as a defense." *Hackett v. Storey*, No. 03 Civ. 395 (JBA), 2003 WL 23100328, at *2 (D. Conn. Dec. 30, 2003). When ruling on a Fed. R. Civ. P. 12(b)(6) motion, the court must accept the material facts alleged in the complaint as true. Walter v. Fischer, 391 F. App'x 991, 993 (2d Cir. 2010). The task of a court in ruling on a Rule 12(b)(6) motion "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Walter v. Fischer*, 391 F. App'x 991, 993 (2d Cir. 2010). A district court may also consider "matters of which judicial notice may be taken." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Further, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt Plaintiff can prove no set

of facts in support of his claim which would entitle him to relief. *See Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir. 2001), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## DISCUSSION

### I. Plaintiff's Claim Is Barred Under Res Judicata

Under the doctrine of res judicata, which guarantees the finality of judgments by precluding a party to a suit from litigating the claim more than once, any subsequent litigation will be barred if the "earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *EDP Med. Computer Sys. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007). Plaintiff's Complaint, which again seeks judicial review of the 2020 Decision, is barred by the doctrine of res judicata. *See* Compl. in *Rice II*.

The Court's Judgment in *Rice I*, which reversed and remanded the 2020 Decision for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g), constituted an adjudication on the merits. *See Rice I*, No. 21-cv-00373-JGK-JLC, ECF Nos. 9, 16-17; *see also Shalala v. Schaefer*, 509 U.S. 292 (1993).

The instant action involves the same parties and the same claims as those involved in *Rice I*, including Plaintiff and the Acting Commissioner of Social Security. *Compare* Compl. in *Rice II* with Compl. in *Rice I*. In both Rice I and the instant action, Plaintiff commenced "an action under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), or section 1631(c)(3) of the Social Security Act, 42 U.S.C. § 1383(c)(3), for review of a final decision of the Commissioner of Social Security," i.e., the 2020 Decision. *See* Compl. in *Rice II* at 1, ¶ 1; *see also* Compl. in *Rice I* at 1, ¶ 1.

42 U.S.C. § 405(g) is the exclusive jurisdictional basis for judicial review in cases arising under the Social Security Act. The instant Complaint seeks judicial review of the 2020 Decision, which was reversed and remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) in *Rice I*. Accordingly, this action is dismissed as barred by res judicata.

When viewing the facts in the light most favorable to Plaintiff, dismissal is warranted. In her Reply brief, Plaintiff argues that she previously expressed a desire for "[Rice II] to remain active, and to dismiss/remove [Rice I]" when she emailed the Southern District of New York's Pro Se Office on February 9, 2021. ECF No 14. However, this argument is without merit. Plaintiff amended her *Rice I* complaint on July 15, 2021, indicating her awareness that *Rice I* was proceeding.

## CONCLUSION

For the reasons stated above, the Commissioner's motion to dismiss under Federal Rule of Procedure 12(b)(6) is **GRANTED**. The Clerk of Court is respectfully requested to terminate the pending motion at ECF No. 6 and close this case.

**SO ORDERED.**

**Dated:** **March 31, 2024**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**